STATE OF MINNESOTA *vs.* REDWOOD FALLS BUILDING & LOAN ASSO-
CIATION.

December 30, 1890.

**Building Society—Taxation of Mortgages.**—Mortgages held by mutual
building associations, incorporated under our general statutes, *held* sub-
ject to taxation, the stock of the association not having been taxed.

**Same—Withdrawal of Funds by Members.**—The right of members of
such an association under the by-laws, upon one month's notice, to with-
draw from it the contributions they have made to its funds, is not appli-
cable to funds loaned by the association. Only the funds in the hands of
the association can be thus withdrawn.

Case certified from the district court for Redwood county, *Webber,*
J., presiding.

*M. M. Madigan,* for the State.

*John H. Bowers,* for defendant.

DICKINSON, J. The defendant is a corporation of the peculiar
character generally known by such names as "Mutual Building As-
sociations," or "Building and Loan Associations." It was organ-
ized under the general laws of the state. On the 1st day of May,
1888, the association held and owned mortgages on real estate, "upon
which the amount due the defendant in the aggregate was the sum
of $9,600," as appears by the finding of the district court. These
mortgages "represented payments for stock of the association made
by shareholders, and nothing else." The association had no other
property than that represented by such mortgages, and its stock was
not taxed otherwise than by the tax on these mortgages. The as-
sessor of the village where the association had its place of busi-
ness, for the purposes of taxation, assessed these mortgages as the
property of the association, assigning to the property the value
above stated. The association defends against such taxation. The
district court, having sustained the tax, has certified the matter to
this court, under the statute, for review.

By our statute it is provided that such corporations shall not loan their funds, except to their own members. Gen. St. 1878, *c.* 34, § 109. The general design of such an association may be stated, with sufficient precision for our present purposes, to be the accumulation, from fixed periodical contributions of its shareholders or members, and from the profits derived from the investment of the same, of a fund, to be applied from time to time in accommodating such shareholders with loans, to enable them to acquire and improve real estate by building thereon; the conditions of the loans being such that the liability incurred therefor may be gradually extinguished by means of the borrower's periodical contributions upon his stock, so that when the latter shall be fully paid up the amount paid shall be sufficient to cancel the indebtedness. Members who do not become borrowers secure the incidental benefit of a profitable investment of their contributions to the capital stock in the loans made to borrowing members. End. Bldg. Ass'ns, §§ 39, 40. The capital stock of this association consists of shares of $200 each, to be paid in monthly instalments of $1 on each share. The by-laws contemplate that for all loans made by the association it shall take security by mortgage on real estate; and also that for every $50 loaned the borrower shall transfer to the association one share of his stock as further security. By article 2 of the by-laws, it is provided that any member wishing to withdraw from the society shall be entitled to receive the amount he has paid in as dues, and such proportion of the profits as the board of directors may from time to time award, deducting his proportion of expenses and losses; one month's notice having been given of intention to withdraw. The by-laws provide for a division of the funds, allowing $200 per share to the holders of the stock when it shall be ascertained that the value of each share has reached that amount. The stock is then cancelled, and the purposes of the association will have been accomplished so far as such stock is concerned. Of course, in such winding up, borrowers who have already received in advance the fixed par value of their stock receive nothing more. Having performed their obligations by the payment of their monthly dues of $1 per share, with interest upon the loans or advances made to them, their stock is to be cancelled, as is that of other members, upon re-

payment to them of $200 for each share of stock held by them. The mortgages which were taxed as the property of this association were, as we understand the findings of the court, securities taken by the association, for loans of its corporate funds to its members. They secured the payment to the association of the sum of $9,600. The question here is whether, there having been no taxation of the stock of the corporation, these mortgages were a proper subject of taxation.

Under our general tax law, the property of corporations, with some exceptions not necessary to be here referred to, as well as that of individual citizens, is subject to taxation. Their real and personal property is to be listed and assessed the same as other property, and the market or actual value of their stock, deducting indebtedness and the value of their real and personal property, is required to be listed for taxation. Gen. St. 1878, c. 11, § 22. In defining generally the property which is subject to taxation, (sections 1, 3, 4, Id.,) there is included "all claims and demands secured by deed or mortgage due or to become due." By Laws 1885, c. 78, this addition was made to section 22 above referred to : "The monthly instalments deposited in building associations, and subject to withdrawal on demand, or on thirty or sixty days' notice, as provided in the by-laws of such associations, are an indebtedness which may be deducted from the value of their stock, as provided in this section. Mortgages of said associations which are represented in their stock, and assessed as stock, shall not be assessed as mortgages. They shall list their real estate and all personal property as provided in this section." Even without regard to the principle that laws relied upon as affording exemption from taxation are to be strictly construed, it would be very apparent that this amendment was not intended to exempt the property of this particular class of corporations from taxation, even if that could be done constitutionally. The unequivocal import of the language is quite to the contrary. "They shall list their real estate and all personal property as provided in this section." It is equally apparent that it was not intended to exempt mortgages from taxation, except when the property represented by mortgages is taxed in another form—that is, in the stock of the corporation. The law to which

this enactment was amendatóry makes mortgages taxable generally, and this special provision as to the mortgages of this class of corporations does not unconditionally except them from the operation of the law as to mortgages in general. It is only "mortgages of said associations which are represented in their stock, *and assessed as stock,*" which are "not to be assessed *as mortgages.*" It is probably true that the statute contemplates, as the mode of procedure, that the stock shall be taxed, and that the mortgages held as security for loans of the funds derived from the payment by members of their monthly contributions on their stock shall not then be taxed as mortgages; but the statute, reading the original law and the amendment together, justifies the taxation of such mortgages, *unless* they are in effect taxed by a taxation of the stock.

It is claimed that the first part of the amendment, providing for the deduction from the value of the stock, for the purposes of taxation, of the monthly instalments deposited and subject to withdrawal on demand, or on notice of 30 or 60 days, has the effect to render such mortgages untaxable. Statutes are not to be construed as specially exempting from taxation property of a class which is generally subject to taxation, at least unless that intention is very clearly expressed. We do not regard the statutory provision just referred to as being applicable to mortgages held by such associations, although such mortgages have been taken as security for loans of the funds of the association, constituting the accumulation from the monthly stock payments of its members. It is probably applicable to funds accumulated in that manner, and which are actually held on deposit by the association, and not loaned out so as to be brought within the category of mortgages, concerning which the statute makes special provision. So long as the funds remain on deposit in the hands of the association, members who are not borrowers may avail themselves of the right to withdraw their proper share of the same, under specified conditions and on notice of one month. Borrowing members, who have received in advance of payment, as a loan from the association, the fixed par value of their stock, who have become specially obligated to continue the stipulated monthly payments as a means by which the loan is to be repaid, and

who have pledged their stock to the association as security for the performance of their obligation of payment, cannot thus withdraw. This would be opposed to the very essence of their undertaking. End. Bldg. Ass'ns, §§ 151, 430; 2 Am. & Eng. Enc. Law, 625; *Watkins* v. *Workingmen's Bldg. Ass'n*, 97 Pa. St. 514. Nor practically can the *funds loaned* be withdrawn by non-borrowing members until, in accordance with the conditions of the contracts of loan, the debts shall be again paid; and, in the ordinary course, and as contemplated in the plan upon which such associations are organized, the periods of payment extend from the time the stock is issued until the accumulations from the very small monthly payments shall have become equal to the amount of the loans. Hence the right of members to presently withdraw the amount of dues deposited by them is practically limited to funds on hand, and is not available as respects funds loaned, which will be returned to the association in meagre monthly instalments extending over a period of years.

The association was not prejudiced by the fact that taxes were assessed on its mortgages, and not on its stock. At least no prejudice is shown, nor is it apparent how there can have been any. If the stock had been assessed so as to have included these mortgages, then the latter should not have been separately taxed. But such was not the case. These mortgages constituted the whole property of the corporation, and they were subject to taxation, either as included in the stock of the corporation, or as mortgages.

The determination of the district court is affirmed.