C. N. NELSON LUMBER COMPANY v. WILLIAM McKINNON, Sheriff.[1]

May 29, 1895.

Nos. 9050—(88).

**Distress for Taxes—Constitution—Due Process.**

G. S. 1878, c. 11, § 58, as amended by Laws 1885, c. 2, § 5 (G. S. 1894, § 1567), which provides for issuing distress warrants for the collection of personal property taxes without prior notice, or opportunity to be heard, is constitutional, and not open to the objection that it is not due process of law.

**Warrant—Clerk of Court—Judicial Officer.**

Said statute does not attempt to delegate executive authority to a judicial officer. The clerk of the district court is not a judicial officer.

**Same—Signature.**

It sufficiently appears from the body of the warrant in this case that it was issued by the clerk of the district court. The fact that the words "Clerk of said County" are added to his signature does not vitiate the warrant.

**Same—Seal of Court.**

The issuing of such warrant is not a judicial act, and the statute does not require the seal of the court to be affixed to such warrant.

**Same—Protection of Officer Executing.**

Even though, by reason of irregularities and omissions, the tax proceedings are in fact void, if the distress warrant is regular on its face it protects the officer executing it in a reasonable manner; and neither replevin. trover, nor trespass will lie against him for taking the property, subject to levy, of the person against whom the tax is assessed, in executing such warrant.

**Same—Officer—Presumption.**

An officer of the law is presumed to have done his duty. Where the statute required him to demand the amount of the tax before levying a distress warrant for the same, it is to be presumed, after he has made such levy, that before he did so he made such demand.

Appeal by plaintiff from a judgment of the district court for Carlton county, entered in pursuance of an order for judgment by Ensign, J. Affirmed.

[1] Reported in 63 N. W. 630.

Exhibit A referred to in the opinion was as follows:

State of Minnesota, } ss.  District Court,
County of Carlton. }  11th Judicial District.

The State of Minnesota.

To the Sheriff of the County of Carlton:

Whereas, the county treasurer of said county of Carlton did on the first day of April, A. D. 1893, duly make and file with the clerk of the district court aforesaid, a list of all personal property taxes in said county remaining delinquent on said first day of April, A. D. 1893, which list was duly certified by said county treasurer, and whereas, it appears in and by said list that the sum of $7,075.92 was assessed to one C. N. Nelson Lumber Co. of the village of Cloquet, in said county of Carlton, as personal property taxes for the year 1892, and that said sum of $7,075.92, together with the penalty of ten per cent. attached and charged upon the same under and pursuant to the terms of section 58 of chapter eleven of the General Statutes of 1878, still remains delinquent and unpaid.

Now, therefore, you are hereby directed and commanded to proceed to collect of the said C. N. Nelson Lumber Co. the sum of $7,783 51-100 dollars (being the amount of said taxes and penalty,) together with the sum of twenty-five cents as compensation to the clerk for issuing this warrant, and your fees and costs for collecting the same. And if such taxes, penalties, fees and costs are not paid on demand, you are hereby commanded to distrain sufficient goods and chattels belonging to said C. N. Nelson Lumber Co. if found within your county, to pay the said tax, penalty, fees and costs; and when said taxes and penalty are paid, you are forthwith to pay the same to the county treasurer of said county, and you are to return this warrant, together with your proceedings had thereunder endorsed thereon, on or before the first day of June, A. D. 1893.

In witness whereof, I have hereunto set my hand and attached the seal of said court this 4th day of April, A. D. 1893.

Ed. A. Page,

Clerk of said County.

*Warner, Richardson & Lawrence,* for appellant.
*W. Hammons* and *Alpheus Woodward,* for respondent.

CANTY, J. The plaintiff brought replevin to recover from defendant the possession of a large quantity of lumber, and, by means of proceedings in claim and delivery, got possession of all of the same, through the coroner.

Defendant, in his answer, alleges that he is the sheriff of Carlton county, and that he levied upon and took possession of said lumber under and by virtue of the tax warrant (Exhibit A of the answer); that E. A. Page, who signed said warrant, was clerk of the district court of said county at the time said warrant was issued; that the tax in said warrant described "was in all respects duly assessed and levied upon and against said plaintiff, and was and remained delinquent on the first day of April, 1893, and was on that day duly certified as such, and filed with said clerk, by the treasurer of said county." The reply admits that Page issued the warrant on the day of its date, and that he was then said clerk; but it is alleged "that said E. A. Page had not then and there, or at any other time or place, any power or authority to make out, issue, or deliver said instrument, or any instrument of like tenor, to said defendant, for that the county treasurer of said county did not, at or at any time prior to the said making out, issuance, and delivery of said instrument, duly or otherwise make and file with the clerk of said court a list of all or any personal property taxes in said county remaining delinquent on the first day of April, A. D. 1893, which list was duly or otherwise certified by said county treasurer; and the recitals of said instrument, and each of them, are, and ever were, severally and respectively untrue, and without foundation." The court below granted defendant's motion for judgment on the pleadings, and from the judgment entered thereon plaintiff appeals.

1. G. S. 1878, c. 11, § 58, as amended by Laws 1885, c. 2, § 5 (G. S. 1894, § 1567), provides: "All unpaid personal property taxes shall be deemed delinquent on the first day of March next after they become due. * * * On the first day of April in each and every year the county treasurer shall make a list of all such delinquent personal property taxes, which he shall certify to the clerk of the district court of his county, and the said clerk shall immediately issue his warrants to the sheriff of the county, directing him to proceed to collect the same, and, if such taxes are not paid on demand, said sheriff shall distrain sufficient goods and chattels be-

longing to the person charged with such taxes." The section further provides for a sale of such goods and chattels on not less than 10 days' notice. It is contended by appellant that as this statute provides for issuing final process without notice to the party whose property is to be seized, and without giving him an opportunity to be heard, it attempts to deprive him of his property without due process of law, and is unconstitutional and void. We cannot so hold. What is due process of law is usually a traditional or historical question. Was it due process of law under the common law, and did it remain such up to the time of adopting the constitution? This summary remedy of distress for the collection of taxes has always been known to the common law, and is due process of law. Murray's Lessee v. Hoboken Land Co., 18 How. 272; Cooley, Tax'n, 432, 438.

2. This statute does not attempt to delegate executive authority to a judicial officer. The clerk of the court is not a judicial officer. Neither was the issuing of this warrant a judicial act. It was competent for the legislature to provide that the clerk should issue such warrants.

3. It sufficiently appears from the body of the warrant (Exhibit A) that it was issued by the clerk of the district court. The fact that the words "Clerk of said County" are added to the clerk's signature does not vitiate the warrant.

4. The statute does not require the seal of the court to be affixed to the warrant. The warrant is not a judicial process. It is the warrant of the clerk, not of the court.

5. The court below did not err in granting judgment on the pleadings. G. S. 1878, c. 66, § 133 (G. S. 1894, § 5275), provides that, if the plaintiff in a replevin suit demands the immediate delivery of the property, he shall make an affidavit stating, "third, that the same has not been taken for a tax, assessment or fine, pursuant to a statute." It is true that this statute applies only to the provisional remedy, and, if that remedy has been wrongfully used, the proper means of redress is by a motion to set aside the proceedings, and order the return of the property. Because such provisional remedy has been wrongfully used is no reason why the defendant should have judgment on the pleadings. Under our practice an action of replevin may be maintained without resort to the provisional remedy, and, if the officer executing the distress warrant is liable for

wrongfully taking the property, there is no reason why he should not be liable in replevin (not aided by the provisional remedy), as well as in trespass or trover. See Dudley v. Ross, 27 Wis. 679. The use of the provisional remedy is prohibited, not for the protection of the officer, but for the protection of the state. "The reason of the rule is found in the necessity for protecting the public revenue, and to prevent delay in its collections." Wells, Repl. § 224. But, if no fatal defect appears on the face of the distress warrant, the officer executing it in a reasonable manner is not liable in any form of action. Cobbey, Repl. c. 14, § 333 et seq.; Chegary v. Jenkins, 5 N. Y. 376; Hudler v. Golden, 36 N. Y. 446; Niagara Elevating Co. v. McNamara, 2 Hun, 416; Mount Carbon C. & R. Co. v. Andrews, 53 Ill. 176; Adams v. Davis, 109 Ind. 10, 9 N. E. 162. This is simply an application of the general rule that an officer is protected by process fair on its face. See Smith, Sher. 184; Crocker, Sher. § 283; Freeman, Executions, §§ 101, 272. In the case at bar the distress warrant is fair on its face, and protects the defendant. Whoever else is liable, he is not. For this reason the judgment appealed from is affirmed.

6. The defendant does not allege in his answer that he demanded payment of the tax before he made his levy under the distress warrant. It was not necessary for him to plead the fact of demand. It is presumed that the officer did his duty. If he did not make such demand, the plaintiff should have pleaded that fact in its reply, which it failed to do.

There is nothing in the point that said chapter 2, Laws 1885, does not sufficiently identify the statute it purports to amend.

Judgment affirmed.