WILLIAM McKINNON v. BOARD OF COUNTY COMMISSIONERS OF COUNTY OF CARLTON.[1]

February 9, 1898.

Nos. 10,693—(285).

**Personal Tax—Warrant—Replevin—Judgment for Sheriff—Compromise and Satisfaction by County—Remedy of Sheriff—Liability of County for Sheriff's Fees.**

The plaintiff, as sheriff, seized personal property by virtue of a tax warrant, and was about to sell it, when the taxpayer, claiming the taxes to be void, replevied the property. The plaintiff recovered in the replevin action judgment for the value of his special interest in the property, including his costs and fees on the warrant. Thereupon the defendant county, against the protest of the plaintiff, compromised and satisfied the judgment without payment of the amount included therein for such fees. *Held*: (1) That the county had no power to satisfy the judgment as to the amount included therein for the costs and fees of the plaintiff on the warrant.· (2) That plaintiff's remedy was to apply to the court to set aside the satisfaction of the judgment as to his personal interest therein. (3) That the county is not liable for such fees; following Chapel v. Board, supra, page 18.

Appeal by defendant from a judgment for $481.62 entered in the district court for Carlton county in favor of the plaintiff, as sheriff, pursuant to the findings and order of Morris, J. Reversed.

*H. Oldenburg*, for appellant.

*H. H. Hawkins* and *Cash, Williams & Chester*, for respondent.

START, C. J.

This is an action to recover sheriff's fees on certain tax warrants delivered to the plaintiff, as sheriff, for collection. Judgment for the plaintiff, from which the defendant appealed.

Two tax warrants against the C. N. Nelson Lumber Company and the Cloquet Lumber Company, respectively, were delivered for collection to the plaintiff, as sheriff, who, on May 24, 1893, seized lumber belonging to the first-named company of the value of $11,000, and lumber of the value of $8,000 belonging to the last-named company, and advertised the lumber to be sold to pay the taxes due on

[1] Reported in 73 N. W. 1085.

71 M.—31

such warrants. Thereupon each of the companies brought an action of replevin against the sheriff for the possession of such lumber. The result of these actions was that the sheriff recovered a judgment against the C. N. Nelson Lumber Company for the value of his special property in the lumber so seized, including the taxes, interest, and the sheriff's costs and fees on the warrant, amounting in all to $8,472.50, and against the Cloquet Lumber Company for the sum of $7,495.31, which included the sheriff's costs and fees on the tax warrant. These judgments were affirmed in this court on the ground that the tax warrants were valid on their face. Nelson v. McKinnon, 61 Minn. 219, 63 N. W. 630. Included in the taxes called for by such warrants was a tax purporting to have been levied by the village of Cloquet, which was held to be void by this court. In re Cloquet, 61 Minn. 233, 63 N. W. 628.

Thereafter the county of Carlton compromised and settled the two judgments in favor of the sheriff and against the lumber companies for the amount of the legal taxes and interest, which was paid by them directly to the treasurer of the county. The amount so paid did not include any sum for the sheriff's fees and costs on the tax warrants. The two judgments were so settled, compromised and paid pursuant to stipulations entered into by the county attorney of the defendant county, who was the attorney of record for the sheriff, and the attorneys of the lumber companies, with the knowledge of the sheriff, but against his protest that the same should not be so compromised unless his fees on the tax warrants, which were included in the judgments, were also paid. Thereupon the sheriff presented a bill for his fees on the warrants to the county, which being disallowed, he appealed to the district court.

. The trial court found the facts substantially as here stated, and as a conclusion of law directed judgment for the plaintiff. The sheriff earned and is entitled to his fees, but he has mistaken his remedy. The counties of the state are not liable to sheriffs for their fees on tax warrants. Such fees must be collected, if at all, from the taxpayer, or from the property seized by virtue of the warrants. Chapel v. Board, supra, page 18.

When the sheriff obtained the judgments against the lumber companies for the taxes and his fees and costs on the warrants, he

held them for the benefit of the county to the extent of the taxes; but, to the extent of the fees and costs included therein, he owned them. Conceding that the county had the power, without his consent, to compromise and settle the judgments as to the taxes, yet it could not satisfy the judgments as to the sheriff's fees without actual payment of them. If the fees had been actually collected and paid to the county, it would be liable to the sheriff therefor as for money had and received for his use. But, as already stated, no part of the sheriff's fees was exacted by or paid to the county on the settlement.

The only other suggested basis for holding the county for the fees is that by settling the judgments it prevented the sheriff from collecting his fees. Such is not the case, for the judgments to the amount of his costs and fees on the warrants were his absolute property, and the county could not settle or discharge the judgments as to such amounts without his consent. His remedy was to move the court to set aside the stipulations and satisfaction of the judgments as to his fees, and then proceed to collect the amount due him personally thereon.

Upon the facts found by the trial court, the county is not liable to the plaintiff for the fees in question. The judgment appealed from must be reversed, and case remanded, with directions to the district court to amend its conclusions of law so as to direct judgment for the defendant.

So ordered.