## STATE v. ST. PAUL TRUST COMPANY.

June 8, 1899.

Nos. 11,569—(24).

### Personal Taxes—Filing Delinquent List—Laws 1897, c. 79, § 1.

The certifying by the county treasurer of a list of delinquent personal property taxes, as provided by Laws 1897, c. 79, § 1, and the filing of such list by the clerk of the district court, are ministerial acts only. When any person whose name is embraced in the list files his answer, it then becomes a judicial proceeding,—not before.

### Same—"Immediately."

The word "immediately," as found in said section, is to be given a rational construction, and does not import the exclusion of any interval of time. It means, as used in the section, that the treasurer must certify the list within a reasonable time after the first day of April.

### Same.

Construing the section as a whole, it is evident that the legislative intent was to permit any delinquent to file his answer and intercept the proceedings at any time within fifteen days after the list has been certified by the treasurer.

### Return to Assessor Insufficient.

*Held*, that a formal statement made by the defendant company, a domestic corporation, to the assessor, under the provisions of G. S. 1894, § 1530, was insufficient and incomplete.

### Assessment.

*Held*, further, that the action of the assessor in disregarding the statement, and in making an assessment of his own on the assessment books, is immaterial to the determination of these proceedings, in view of what subsequently transpired upon a hearing had before the county board of equalization.

### Corporation—Capital Stock.

No part of the capital stock of the companies or associations whose property is listed for taxation under section 1530, supra, is taxable as such, where the value of its real property or of its personal property, or the aggregate value of both taken together, exceeds the market value of its capital stock.

### Taxation of Corporate Property.

The real and personal property of such a company or association is to be assessed and taxed precisely as is property of the same character held or owned by a private party.

### Mortgages of Building Associations.

The latter part of said section 1530, relating to mortgages, refers to those held by building associations only. It has no bearing upon the question presented in the certified case now under consideration.

In proceedings in the district court for Ramsey county to collect taxes for personal property the St. Paul Trust Company interposed an answer. The case was tried before Bunn, J., who found in favor of plaintiff in the sum of $2,047.52, and certified the case to the supreme court for its decision on the points stated in the opinion. Affirmed.

*W. B. Douglas*, Attorney General, *Horace E. Bigelow*, County Attorney, and *F. W. Zollman*, Assistant County Attorney, for plaintiff.

*Harvey Officer*, for respondent.

COLLINS, J.[1]

In proceedings to enforce the collection of personal property taxes for 1897 against the St. Paul Trust Company, a domestic cor-

[1] BUCK, J., absent.

poration organized for and engaged in the business of a trust company, the trial court has certified up certain points raised by the defense, in accordance with the provisions of G. S. 1894, § 1589.

It appears that the company, by its proper officer, made out and returned to the assessor the statement provided for in section 1530, in which the amount of its capital stock authorized and paid up (second and third subdivisions) was stated to be 250 shares, of the value of $1,000 each,—a total of $250,000,—while the market value thereof was fixed at $100,000. The value of its real property, as assessed for taxation (sixth subdivision), was averred to be $103,345. In answer to the question found in the seventh subdivision, the corporation returned that it had no personal property "except what it owned by the capital stock, and is excluded in the market value above quoted." Thereupon the county assessor, in part disregarding the return, extended upon his books an assessment against the trust company of items covered by the tenth subdivision of section 1524, of $15,000, and by the twenty-first subdivision of $25,000. This assessment was duly returned by the assessor, and thereafter the trust company appeared before the county board of equalization, and was granted a hearing, at which evidence was given and received. The result was that the assessment was increased to $111,000. This amount was increased by the state board of equalization without authority of law, according to the determination of the court below. Later the company applied to the county board for an abatement, which application was favorably acted upon; but the state auditor refused to approve the action, and therefore the assessment stood at the amount last mentioned.

The taxes based on this assessment remained unpaid on April 1, 1898; and on the ninth day of that month the county treasurer certified to and filed with the clerk of the district court of the proper county a list of delinquent personal property taxes, which list embraced the name of the trust company as a delinquent in respect to the taxes in question. Prior to April 15, as authorized by Laws 1897, c. 79, § 1, which is an amendment of G. S. 1894, § 1567, and supersedes it, the answer herein was filed. The answer was amended at the trial, but in both—original and amendatory—the objections to the tax were duly set forth. These objections will appear when we

come to a statement of the points certified,—six in number. A trial was had upon this amended answer. The court found the value of the stock of the trust company to be $100,000, and no more. It found the assessed valuation of real estate owned by it, and on which it paid taxes, to be $103,345. It found it to be the owner and holder of real-estate mortgages of the actual and face value of $110,843.39, that it held a city certificate of indebtedness of the value of $1,000, that it was the owner of office furniture and vaults of the actual value of $10,000, and that it was the owner and holder of other personal property of a certain stated value. It found, really as a conclusion from other findings, the amount of personal property owned and held by the company, and subject to taxation, to be $95,678.52, and it ordered judgment for taxes upon this amount.

1. Taking the points certified in the order in which they are stated by the court below, the first is, should that court have dismissed the proceedings against the trust company, as it demanded, because the county treasurer did not certify and file his list of delinquent personal property taxes for the year 1897 until April 9, 1898?

The ruling of the trial court on this point was correct. The statute (chapter 79, supra) provides that on the first day of April of each year the treasurer shall make the list, "which he shall immediately certify to the clerk." In the next paragraph it is provided that any person whose name is embraced in the list may answer "on or before the fifteenth day of April next after such filing," setting forth his objection to the tax. The issues raised by the answer are tried by the court without delay, all technicalities and matters of form not affecting the merits being disregarded. The statute also provides that "upon the fifteenth secular day of April next after the filing" of the list the clerk shall, as to all taxes and penalties embraced in the list, except such as have been opposed by answer, issue warrants to the sheriff directing him to proceed to collect the same, and, if such taxes are not paid on demand, goods and chattels of the delinquent may be distrained. A list of uncollected taxes is afterwards filed (G. S. 1894, § 1568); and, after proceedings had by the board of county commissioners, a citation is issued by the court, requiring the person therein named to appear and show cause, if any he has, why he should not pay.

It is evident that these proceedings, up to the time that an answer is filed, or, if none be filed, up to the time that the citation is issued, are not judicial, but simply ministerial.    In Nelson Lumber Co. v. McKinnon, 61 Minn. 219, 63 N. W. 630, it was held, in an action involving a distraining warrant for the collection of personal property taxes,—no answer having theretofore been filed, and there being no statute providing for it at that time,—that the issuing of the warrant was not a judicial act.    But when an answer is filed there is a judicial proceeding pending,—not before.    The argument of counsel for the trust company upon this point proceeds upon the erroneous theory that when the list is filed the judicial proceeding is instituted.    The statute, as before noticed, requires the treasurer to make out the list on April 1, and immediately to certify and file it with the clerk.    This word "immediately" is to be given a rational construction, and it does not, in legal proceedings or in statutes, necessarily import the exclusion of any interval of time.    It is a word of no very definite signification, and it is much in subjection to its grammatical and other connections.    Gaddis v. Howell, 31 N. J. L. 313, and cases cited.    Here, from its very connection, it must mean within a reasonable time, because it would be impossible for the treasurer to make up his list and to certify and file it on the same day,—except, perhaps, in one of the smaller counties.    And, again, a literal compliance with the statute would require this work to be done on the Sabbath day whenever the first day of April came on that day.    And the argument of counsel that the delinquent may be deprived of an opportunity to file his answer, if the treasurer may certify and file the list within a reasonable time after April 1, loses its force when we construe section 1 as a whole, and reconcile all of its provisions.

It will have been observed that, although the proceedings may be interrupted and intercepted by an answer filed on or before April 15 "next after such filing," there is another provision, in a subsequent paragraph, which requires the clerk of the court to issue the warrants where no answers have been filed on "the fifteenth secular day of April next after the filing."    The fact that the words "next after the filing" are used in both paragraphs, and that the two provisions are exactly the same, except that in the first the word

"secular" is omitted, indicates very clearly what was intended by the legislature, and that the plan was to permit any delinquent to file his answer, intercept the proceedings, and make them judicial in their character, within fifteen days after the treasurer has certified and filed his list. The purpose of the amendment of 1897 was to permit a party to prevent the issuance of a distraining warrant, for prior to that time a delinquent could not be heard in a judicial proceeding until he was cited to appear, after a warrant had been returned by the sheriff as uncollectible. Even if this proceeding was of a judicial character, the provision as to when the treasurer is to certify and file the list would be held to be directory only.

2. The second point is as to the statement made by the trust company to the assessor; the contention of counsel being that it was true, complete, and sufficient. The trial court held to the contrary, because it failed to state the value of the personal property held and owned by the trust company. This was correct, and we shall further consider this point in connection with the fifth.

3. The third point refers to the assessment made by the assessor upon his books, and in disregard of the statement returned by the officer of the corporation. In view of the fact that the latter appeared before the county board of equalization, and was then heard upon testimony produced by it, and the further fact that this act of the assessor was entirely ignored by the board, and did not in any degree affect or control its decision, we regard this point as immaterial and unnecessary to determine. But see Thompson v. Tinkcom, 15 Minn. 226 (295), in which it was held that a return is not conclusive upon an assessor.

4. In the fourth point is the inquiry, is any part of the capital stock of such corporation taxable as such, when the aggregate amount of the fifth, sixth, and seventh items mentioned in section 1530 exceeds the market value of such capital stock? The court below ruled that no part of the capital stock of this corporation was subject to taxation, because the total amount of its indebtedness, with the exceptions mentioned in the fifth subdivision (the value of its real property and the value of its personalty), exceeded in amount the market value of its capital stock; and, as hereinbefore stated, the fact, as found, was that the value of either the real or

the personal property, taken separately and alone, exceeded the market value of the capital stock. The ruling was right, and we shall have occasion to refer to it when discussing the next point.

5. The fifth of these points raises the principal question in the case, and it has really been decided, in State v. Duluth Gas & Water Co., supra, page 96. It was there held that:

"G. S. 1894, § 1530, was designed to constitute the exclusive method of listing and assessing for taxation the franchises and other intangible property of corporations and associations falling within its purview. The method there provided for reaching such intangible property for taxation is by listing and assessing the entire capital stock at its market or actual value, less certain specified. deductions."

It was also held that the provision in section 1530 for deducting the total amount of the indebtedness of a corporation or association from the value of its stock is unconstitutional, because resulting in inequality of taxation, but that the invalidity of this provision did not render the remainder of the section invalid. Under this rule the court below held correctly when it excluded from taxation all of the capital stock of the company because the total value of its real and personal property largely exceeded the market value of its capital stock. It was also held in the case just alluded to that the personal property referred to in the seventh subdivision of section 1530 is the tangible personal property specifically listed and assessed, which is to be so listed and assessed precisely as is the like property of private persons. This is an inevitable conclusion when we give any effect whatever to that clause in the section which expressly provides that

"The real and personal property of each company or association shall be listed and assessed the same as that of private persons."

It has been claimed that defendant's mortgages are not taxable because of the provision in the latter part of section 1530 relating to mortgages of associations which are represented in their stock. But this provision refers to building associations only, as will be readily seen by an examination of Laws 1885, c. 78, where it first appears in the legislation of the state. Further than this, it was

held in State v. Redwood Falls Bldg. & Loan Assn., 45 Minn. 154, 47 N. W. 540, that mortgages belonging to building associations are taxable when the stock thereof is not taxed; and the views of the court, as expressed in the recently decided case from which we have quoted (State v. Duluth Gas & Water Co., supra), are exactly in harmony with that opinion.

We answer the fifth question or point by saying that defendant's personal property is assessable for taxation and is taxable the same as like property belonging to a private individual. Any law which would permit defendant's personal estate to escape taxation, while that of the same character owned by a private person is assessable and taxable, would be unconstitutional.

6. The sixth point relates to the taxability of defendant's mortgages, and has already been covered.

7. Under an affirmance of the decision of the court below, the defendant may be compelled, if there be no way of relieving it, to pay a greater amount of taxes for the year in question than other corporations owning the same amount of personal property, or even more. But, as was remarked by the court below, this fact is no defense, as these proceedings come before us for review.

The case is remanded, with instructions that judgment be entered as ordered by the trial court.