# THE TERRITORY OF NEW MEXICO, Appellant, v. THE CO-OPERATIVE BUILDING AND LOAN ASSOCIATION OF ALBUQUERQUE, Appellee.

### SYLLABUS BY THE COURT.

1. TAXATION—MORTGAGES.—Mortgages to secure loans of the corporation are personal property thereof, and subject to taxation under sections 4018 and 4019, C. L. 1897.

2. TAXATION—SHARES OF STOCK—ASSESSED HOW.—The shares of stock of such corporations in this Territory are taxable under sections 4018 and 4019, whether pledged or unpledged, at their cash value and may be assessed in the name of the corporation, which, upon payment of the tax, may charge the same to the individual owners thereof upon the books of the corporation.

3. TAXATION—EXEMPTIONS.—Neither the shares of stock nor mortgages to secure loans of such corporations are exempt from taxation in this Territory.

*Appeal* from the District court of Bernalillo county, Second Judicial District.  Reversed and remanded.

Statement of the case by the court.

The appellee is a building and loan association, incorporated under the laws of New Mexico, whose principal place of business is the City of Albuquerque, Bernalillo county, and it is, therefore, a domestic corporation.  In the spring of 1897 it made a return to the assessor of property for taxation, placing the total valuation at $5,335.00.  This return included real estate owned by it and books, blanks, office fixtures, furniture, etc., but did not include its shares of capital stock nor mortgages or other securities for loans made and owned by it.  The taxes levied upon the property returned amounted to $167.53, which was paid December 31, 1897.  The assessor of Bernalillo county, of his own

motion, assessed the mortgages shown by the records of the county to have been given the defendant association, and from this assessment the defendant association appealed to the board of county commissioners sitting as a board of equalization, and the board sustained the assessment. The defendant then appealed to the territorial board of equalization, which board fixed the value of the mortgages assessed at $96,000.00 and ordered them assessed at 60 per centum of that amount or $57,600.00.

During the same fiscal year the collector of Bernalillo county assessed the shares of capital stock of the association, placing the value thereof at $166,378.93, upon the ground that the same had not been assessed. It is admitted that its shares had not been assessed either to the corporation or to the individual holders thereof, resident or non-resident, prior to the assessment by the collector. Appeal was taken by the appellee from this assessment also to the county board of equalization, by which the assessment by the collector was sustained. The appellee prayed an appeal to the territorial board of equalization, but the county board denying the right of appeal in such case, refused to grant it; the appellee, however, brought the matter before the territorial board after this suit was brought. Suit was instituted by the Territory March 30, 1898, wherein the plaintiff below prayed judgment for $9,484.59, and also penalties and costs. The facts being stipulated, the cause was tried by the court and judgment was rendered for the defendant and appellee for the costs. From this judgment the Territory appealed to this Court.

T. A. FINICAL for appellant; EDWARD L. BARTLETT of counsel.

COLLIER & MARRON for appellee..

McFIE, J.—The decision of the court below, in effect was, that the Building and Loan Association of Albuquerque was taxable only upon its real estate and personal property in the nature of office fixtures, furnitures, books and blanks, the value of which amounted to $5,335.00, notwithstanding the fact as shown by the record and the action of the asses-

sing officers and the board of equalization that the corporation held at the time of the assessment securities in the nature of mortgages to the value of $96,000.00, and that its shares of capital stock were of the value of $166,378.93. If, therefore, the securities in the nature of mortgages, which

the records of Bernalillo county disclosed to be owned by the corporation, were property

TAXATION: mortgages.    subject to taxation, or if the shares of capital stock were subject to taxation, and were properly assessed, the judgment of the court below must be reversed. Proceeding then to the consideration of the question whether or not the mortgages and notes held and owned by the corporation as securities for the money loaned were at the time of their assessment subject to taxation, the first question to be determined is, whether or not these securities in the hands of the building and loan association were at the time personal property of the corporation. Mortgages held as securities for loans by private individuals and corporations generally are undoubtedly personal property and are subject to taxation under the laws of this Territory, and if building and loan associations in this Territory are subject to the same laws as to taxation that other corporations are, these securities were taxable to the appellee corporation. Section 4018, Compiled Laws of 1897, provides that: "All property in this Territory not exempt by law shall be subject to taxation." Sub-division third of section 4019, Compiled Laws of 1897, defines the term personal property as follows: "The term personal property includes everything which is subject of ownership, not included within the term, real estate." From these provisions of the statute, mortgages and other instruments given as security for money loaned are clearly embraced within the term personal property, and if so, section 4018 above referred to, specifically declares that all property in this Territory not exempt by law shall be subject to taxation. This matter has been before the courts of the country very frequently and unless there is a specific exemption of such securities from tax under the law, the courts uniformly hold that such securities as notes, mortgages and deeds of trust are subjects of taxation. A mort-

gage is a security for a loan of money.  It is an instrument of value.  It may be foreclosed and the value expressed upon its face recovered by decree of the court, and the real estate may be sold under such decree and the title of the real estate secured by the mortgage become the property of the mortgagee, or the cash value of the judgment may be obtained in lieu of the property.  It is a source of income, and in every view which may reasonably be taken of such securities, they are property.  In the case of the State v. Carson City Savings Bank, 30 Pacific, 703, the Supreme Court of Nevada said:  "The proposition that that a security demand is property is too self-evident to require argument or authority.  It is thus considered and treated by every writer upon political economy, by all law writers, by all courts, by the whole commercial world."  The Supreme Court of Utah, in the case of Judge vs. Spencer, collector, 48 Pacific, 1077, said:  "It is clear that notes and mortgages constitute property within the meaning of the revenue act, and, not being included within the property exempt, the manifest intention of the Legislature was to subject them to the burdens of taxation."  People ex rel. Attorney-General, v. Board of Supervisors, 38 N. W., 639; Peoples' L. & H. Association of Joliet v. Keith, 39 N. E., 1072; Mercantile National Bank, etc., v. Mayor, etc., of New York, 28 Federal, 776.  In State v. Redwood Falls Building and Loan Association, 47 N. W., 540, the Supreme Court of Minnesota, in passing upon this question under a statute of that state in relation to taxation very similar to the statute of this Territory and involving mortgages held by building and loan associations as in this case, says:  "The defendant is a corporation of the peculiar character generally known by such names as mutual building associations, or building and loan associations.  It was organized under the general laws of the state.  On the first day of May, 1888, the association held and owned mortgages on real estate upon which the amount due the defendant in the aggregate was the sum of $9,600.00 as appears by the finding of the district court.  These mortgages represented payments for stock of the association made by share holders and nothing else.  The association had no other property than that represented by such mortgages, and its stock

was not taxed otherwise than by the tax on these mortgages. The assessor of the village where the association had its place of business, for the purpose of taxation, assessed these mortgages as the property of the association, assessing all the property to the value above stated. The association defended against such taxation. The district court having sustained the tax has certified the matter to this court under the statute for review. The mortgages which were taxed as the property of this association were, as we understand the findings of the court, securities taken by the association for loans of its corporate funds to its members that secure the payment to the association of the sum of $9,600." The court then proceeds in its opinion to hold the mortgages assessed the subject of taxation and sustains the assessment of them. It is entirely unnecessary to further cite authorities as to the taxation of securities such as mortgages, for there is a general concurrence of authority that they are taxable, and the doctrine as announced in the last case cited is sustained by the courts of various other states wherein mortgages held by building and loan associations and other kindred associations are taxable the same as those held by private individuals and corporations, unless the same are specifically exempt by statute. An examination of the law creating the building and loan associations in this Territory under which the appellee corporation was organized, makes no provision either as to the taxation of property of building and loan associations or exemptions from taxation. Indeed, there is no contention in this case that the law under which the association was organized makes any exemption. The general laws of the Territory as to taxation, therefore, apply to these corporations the same as to other corporations. Section 4018 above referred to requires the taxation of all property in the Territory, unless the same is exempt. We find on an examination of the general statutes in this Territory that the property of building and loan associations is not exempt from taxation by any statutory provision, nor has counsel cited any provision of the statute of this Territory under which the property of such associations are exempt from taxation. In some states there is a constitutional provision against

exempting the property of building and loan associations
from taxation. Either the capital stock in the hands of an
association or its members, or the mortgage
securities representing the value of that
stock, is deemed by the Legislature subject
to taxation. The courts will adopt that con-
struction of an ambiguous statute concern-
ing taxation which will give the law force
and effect as a provision for taxation rather than to declare
it unconstitutional as attempting to exempt property.
Thompson on Building Associations, section 328. The case
of Loan and Homestead Association v. Keith, 153 Illinois,
609, is a very well considered case on the subject of taxation
of mortgages and other property of such associations as the
one involved in this case, and reviews at length many of the
decisions of that state upon the subject. In that state there
is a constitutional provision making it the duty of the Legis-
lature to tax all property, so that all may pay their propor-
tionate share of the necessary taxes. People v. Worthing-
ton, 21 Illinois, 171; People ex rel., v. Chicago, 124 Illinois,
636. This provision is similar to section 4018 Compiled
Laws, which also requires the taxation of all property. The
general exemption laws of the State of Illinois do not exempt
the property of such associations from taxation, nor does the
Constitution of the State. The Legislature of Illinois under-
took to exempt the stock and notes of such associations
from taxation and enacted a law of which section 11 pro-
vided for such exemption. The validity of this section of the
act was disputed in the case of Loan and Homestead Asso-
ciation v. Keith, and the Supreme Court of Illinois de-
clared the act void as beyond the power of the Legisla-
ture. In stating the intent of the constitutional provision
requiring all property to be subject of taxation, the court
said: "These provisions were manifestly inserted in the
fundamental law for the purpose of insuring equality in the
levy and collection of taxes for the support of government,
whether levied for state, county or municipal purposes. The
design was to impose an equal proportion of these burdens
upon all persons within the limits of the district or body im-
posing them. Under these provisions the Legislature has

**TAXATION:**
Shares of stock:
assessed how.

no power to exempt or release a person or community of persons from their proportionate share of these burdens." While there is no constitutional provision in this Territory prohibiting the Legislature from 'the enactment of such revenue laws, the reasoning of the court as to the purpose of requiring all property to be taxed is equally applicable tc the laws of this Territory requiring all property to be taxed unless exempt, because it was plainly the intention of the Legislature to impose an equal proportion of the burden of taxation upon all, persons owning property within the Territory.  In the case of Bailey v. Magwire, 22 Wallace, 215-231, the Supreme Court of the United States said: "It is manifest that the legislation which is to claim relief on any species of property from its due proportion of the general burdens of government should be so clear that there can be no reasonable doubt nor controversy about the terms. If, however, on any fair construction of the legislation there is a reasonable doubt whether the contract (exemption from taxation) is made out, this doubt must be solved in favor of the state."   Cooley on Taxation, 69, 70 and 205. "Exemption from taxation must be expressed in the clearest and most unambiguous language, and not left to implication or inference." People ex rel. Schurz v. Cook, 148 U. S. 397; Keokuk & W. M. Co. v. Missouri, 152 Mo. 301.   "Exemptions from taxation are regarded as in derogation of the sovereign and of the common right, and therefore, not to be extended beyond the exact and express requirements of the language used *strictissimi juris.*"   Yazoo & M. V. R. Co. v. Thomas,. 132 U. S. 174; and Yazoo & M. V. R. Co. v. Board of Levee Commissioners, 132 U. S. 190.

Examining the statutes in regard to exemptions in this territory in the light of these decisions, it is very clear that mortgages and other securities taken by building and loan associations

TAXATION: exemptions.   are not exempt, but on the contrary are the subject of taxation as in the case of securities held by other corporations.  The record shows that the collector found upon the records of Bernalillo county mortgages securing loans made by the appellee, the face value of which amounted to $145,-

000.00 and made assessment in this amount, but upon appeal to the territorial board of equalization, the value of the mortgages assessed was fixed at $96,000.00, and the board sustained the assessment of the same to the extent of 60 per centum of the $96,000.00, thereby sustaining a levy of taxes by the collector to the amount in valuation of $57,600.00. The mortgages held by this corporation represented money loaned by it, the money being derived from its receipts from its stockholders in payments made upon stock, interest, forfeitures and fines. The fact that this money is loaned to its own stockholders is not different than it would be if the loans were made to outside parties, unless the law so provides. The statutes of this Territory do not make any other provision, so far as taxation is concerned, than if these securities were held by other corporations, or individuals, for that matter. They are valuable property in the hands of the corporation, and they may be reduced to cash, or foreclosed upon the property securing the same as in other cases, and there would seem to be no more reason for the exemption of these securities from taxation, than for the exemption of the real estate in which a portion of the money derived in the same way, may be invested; and to the taxation of the real estate owned by the corporation there is no objection made; indeed it is returned for taxation by the corporation itself. An examination of the laws of this Territory, as they existed at the time the assessment in this case was made, fails to disclose any evidence of intention on the part of the Legislature to exempt from taxation mortgages held by building and loan associations as securities for loans. There is no technical objection made to the assessment of these mortgages, the objection going to the validity of the entire assessment of this property, the appellee insisting that the property is not subject to taxation, and, therefore, should not have been assessed at all in any amount. The record disclosing the facts, that neither the shares of stock of the corporation, nor its mortgage securities had been previously assessed, it was, subject to an assessment as omitted property under section 4056, Compiled Laws of 1897, which provides that: "When the collector of any county, after the tax list has been delivered to him,

ascertains that any real estate, or any personal property then in his county is omitted from the tax list, and has reason to believe that such personal property has not been taxed in any other county for that year, he shall forthwith proceed to list, value, and assess such property in the same manner that the assessor might have done, and shall enter such assessment in his tax list, following the entries made by the clerk, and such entries shall be designated as additional assessment, and the taxes so assessed by the collector shall be as valid for all purposes as if the assessment had been regularly made in the manner hereinbefore provided  *  *  *  *  *  ." The collector made the assessment under this section of the statute, and, as it is admitted in the record, that this property was not assessed in any other county, he was fully authorized to make the assessment as property omitted from the tax list returned by the corporation.

Numerous questions were submitted by counsel evidently with a desire to have the court answer them, not because they were necessary to a determination of this case, but as bearing upon matters of practice in the event of further proceedings in the lower court in this case, but as the conclusions above stated work a reversal and remanding of this cause for a new trial, it is not deemed advisable for us to consider many of the questions propounded. Inasmuch, however, as the court below refused to allow judgment for taxes assessed upon either the mortgage securities for loans, or the shares of capital stock of the association, it may be proper for this court to say, that the conclusions arrived at by this court as to the right to tax the mortgages held by the association, seems to be equally applicable to the shares of stock of the defendant corporation. Unless the statute provides otherwise, the shares of stock in a building and loan association are property within the meaning of section 4019, C. L. of 1897, and if so, section 4018 provides for the taxation of it, unless it is exempt. As was said concerning mortgages, the laws of this Territory do not exempt the stock of these corporations from taxation. If such was the intention of the Legislature, it certainly has not been expressed, and in the absence of such provision such property is subject to taxation.

Counsel for appellees refers the court to a number of decisions concerning deposit and saving banks and contends that these building and loan associations are similar, and that the law applicable to the taxation of them is the same. We do not so regard these corporations, unless the statute so provides. Building and loan associations issue shares of stock and these shares are subscribed for by its stockholders who may also be considered members of the corporation. The stock is paid for in installments, and just as payments upon the stock are made it becomes more valuable in the hands of the holder. This partial payment system seems to be the only difference between this and the stock of other corporations subscribed for and paid for, it may be at once, or by installments. However, the holder of this stock has what certainly must be deemed property. It is valuable; represents money; may be sold and transferred; may be pledged for loans; still it is property in the hands of the owner, which the statute fails to exempt from taxation in this Territory. While it may be pledged to the associa- for a loan the same as real estate, it is not the property of the corporation, and the title of it, is in the subscriber and not in the association. The money received in payment for the shares of stock by its stockholders, is the property of the corporation, and taxable to the corporation whether money or mortgages. But the stock is the property of the share holder, and while under the statutes of this Territory, in the case the corporation is domestic the corporation pays the tax by way of advancement, all taxes thus paid by the corporation upon the shares of its stockholders, may be charged up upon its books against the shareholders, so that the corporation/does not pay the tax, but pays it for the stockholders. It is true that in many of the states either the shares of the capital stock or the money or mortgages 'representing loans by these corporations, are exempt from taxation, but they are so exempt only where the law provides for such exemption, and as the law of this Territory seems not to have provided for the exemption of the shares of the capital stock of these corporations, they become subject to taxation whether pledged or unpledged. Where stock is pledged to secure a loan, it still remains the prop-

erty of the person securing the loan, and the relation, is, in legal effect, the same as a real estate mortgage to secure a loan. Mercantile Nat. Bank, etc., v. Mayor of New York, 28 Fed. 776 and 784; Kietland v. Hotchkiss, 100 U. S. 491; Haight v. R. R. Co. 6 Wall, 15; Cummings v. National Bank, 101 U. S. 153.

Nor is the taxation of such stock double taxation under the laws of this Territory. People ex rel. Attorney-General v. Board of Supervisors, 38 N. W. 639; People L. & M. Association of Joliet v. Keith, Collector, 39 N. E. 1072; Mercantile Nat. Bank, etc., v. Mayor of New York, 28 Fed. 776.

These observations are made in view of the approaching session of the Legislature. If it is the intention to exempt either the stock or securities of building and loan associations in this Territory, the Legislature may so provide in view of the ruling of the court in this case, but we find no authority for the exemption of such property as the law now exists.

The judgment of the court below will be reversed and the cause remanded for a new trial.

Parker J., and Mills, C. J., concur.

---

[839.    August 23, 1900.]