WILLIAM KELSO v. OSCAR YOUNGREN.[1]

May 9, 1902.

Nos. 12,961—(85).

### Replevin—Property in Custodia Legis.

Property in custody of the law, when not exempt from execution, and taken by an officer under a writ in due form, issued by a court of competent jurisdiction, cannot be replevied from such officer by the defendant, or any one claiming title under him, subsequent to the levy of the execution.

### Referee—Loss of Jurisdiction.

A referee appointed under G. S. 1894, § 5391, to report judgment, does not lose jurisdiction of the case by the mere fact of filing his findings of fact and conclusions of law, with order for judgment; and he has authority to revise and amend his findings of fact and conclusions of law, to the same extent possessed by a trial court, until judgment has been entered, or until he has been removed as such referee by the court.

Action in the district court for Kittson county to recover possession of lumber seized by defendant as sheriff of said county, or $1,329, the value thereof, in case possession could not be had. The case was tried before Dibell, J., who found in favor of defendant. From an order denying a motion for a new trial plaintiff appealed. Affirmed.

*A. A. Miller*, for appellant.

*Mitchell & Reynolds*, for respondent.

LEWIS, J.

This is an action in claim and delivery, commenced by the plaintiff against defendant, Youngren, sheriff of Kittson county, for the possession of some lumber.

[1] Reported in 90 N. W. 316.

86 M.—12

The answer was a justification under a writ of execution issued upon a prior judgment in which cause the plaintiff herein was a party defendant. The parties to that action were J. Kelso & Son, plaintiffs, and this plaintiff (William Kelso), W. L. Beaton, C. J. McCollom, P. T. Suffel, and Henry Taylor, copartners under the firm name of Hallock Elevator Company, defendants, and was brought to recover the amount due for advances made by plaintiffs, as bankers, to the defendants, who were conducting a grain and elevator business. The case was submitted to a referee to report findings and judgment, who on March 4, 1897, filed his report, with order for judgment against the defendants, as copartners and individually for the sum of $2,415, with interest. Thereafter, on May 12, 1897, the referee, on motion, amended the findings of fact so as to state that the defendants Kelso and Beaton were copartners under the firm name of Kelso & Beaton; that McCollom, Suffel, and Taylor were copartners under the firm name of McCollom, Suffel & Taylor; and that the two firms, during the time alleged in the complaint, were copartners doing business under the firm name of Hallock Elevator Company,—and amended the conclusions of law, directing judgment for the full amount to be entered against the defendants McCollom and Suffel (the defendant Taylor not having appeared in the action or been served), and further ordering that judgment be entered against the defendants both in their capacity as copartners and against them as individuals, and that said defendants, as between themselves, should be liable as follows: Kelso & Beaton, copartners, for the undivided one-half; and McCollom, Suffel & Taylor, copartners, for the undivided one-half. Judgment was duly entered in accordance with the findings as amended on May 29, 1897. Thereafter the defendants McCollom and Suffel, in their own behalf, and on behalf of the copartnership of McCollom, Suffel & Taylor, paid to the plaintiffs upon the judgment in that action the full amount, with interest and costs, of $3,592.97, and claimed a contribution and payment on the part of the defendants Kelso & Beaton, jointly and severally, for one-half of the sum so paid, viz., for $1,641.36, and filed in the office of the clerk of court due notice of such payment and claim of contribution. Thereafter, on July 23, 1898, an execu-

tion was issued upon that judgment, and placed in the hands of the defendant in this action, as sheriff, with directions to collect from the defendants therein the sum of $813.56; and it was under such execution that the defendant, as sheriff, took possession of the lumber which plaintiff attempts to recover by the present action.

The trial court found facts substantially as above stated, and, further, that the plaintiff, William Kelso, had on July 12, 1898, paid to McCollom & Suffel the sum of $828.92, and ordered judgment for the defendant for the return of the property so taken, or for its value, fixed at $1,329, in case a return could not be had.

Appellant attacks the validity of the judgment upon the ground that the amendment of the findings of fact and conclusions of law by the referee without an order of the court rendered it void. The respondent presents two defenses:

First, that the property sought to be taken in this action was in custodia legis, and having been taken by the sheriff under a writ regular upon its face, rendered by a court of competent jurisdiction, an action for a recovery of the property will not lie.

Second, that the judgment was valid in any event.

The court found that the sheriff levied upon and took possession of the property described in the complaint by virtue of an execution in due form, and regularly issued out of the clerk's office of the district court for Kittson county upon a judgment therein entered in the action above specified against Kelso, Beaton, McCollom, Suffel, and Taylor, copartners under the firm name of Hallock Elevator Company. The execution itself shows the fact so found. Upon this writ, over the name of the attorney for McCollom & Suffel, is indorsed a direction to the sheriff to collect the sum of $813.56.

G. S. 1894, § 5275, provides the only way in which property may be taken by a plaintiff in claim and delivery. Under the third subdivision, the plaintiff must file an affidavit to the effect that such property has not been seized under an execution or attachment against it. It follows, therefore, that, if property has been so seized, that fact would be a complete defense. This is in accordance with the general rule upon the subject,—that property in the custody of the law cannot be replevied from the officer in whose charge it

is, by the defendant, or any one claiming title under him, after the levy of the execution. The reason given is that there would be confusion and disturbance of the peace if the process of the law were not allowed to run its course. And if this were not the rule, there would be no end to the delays which a defendant might create. Murfree, Sher. § 532. In our own court, C. N. Nelson Lumber Co. v. McKinnon, 61 Minn. 219, 63 N. W. 630, is authority that the officer is protected under a writ which is regular upon its face. We are unable to see how the recital in the execution of the fact that the judgment had been paid, and contribution was claimed, changes the rule. The officer would not be any wiser if he had examined the record. The statement was in accordance with the fact, and in no sense affected the formality of the writ.

While this disposes of the case so far as the parties to this action are concerned, yet, in view of possible further litigation, we deem it advisable to pass upon the question of the jurisdiction of referees after their report and order for judgment have been filed. G. S. 1894, § 5391, authorizes the presiding judges of district courts, when the press of business makes it advisable,—the parties consenting thereto,—to make an order referring any civil action, or proceeding of a civil nature, except actions in divorce, to a referee for trial and judgment. The first part of section 5394 states that the trial by referees shall be conducted in the same manner and on similar notice as a trial by the court; that they have the same power to grant adjournments, allow amendments to pleadings, administer oaths, and enforce the attendance of witnesses as the court; that their conclusions of fact and law shall be stated separately; that their decision shall be given and may be excepted to and reviewed in like manner as by the court; that the report of referees shall stand as the decision of the court, and judgment entered thereon in the same manner as if the action had been tried by the court. We think these sections place the same power in a referee appointed to report a judgment as would be possessed by the trial judge. So understood, the referee does not lose jurisdiction by the mere fact of filing his report, but retains it until the matter has been finally disposed of by order of the court taking it out of his hands, or by the entry of judgment upon his report. It

is unnecessary to apply to the court for an order resubmitting the cause to the referee to review and amend the findings of fact and conclusions of law. The authorities cited by appellant, especially from New York, were with reference to a special statute of that state, in force when those cases were decided, but afterwards repealed. It is unnecessary to refer to the authority of other states, for the statute itself is plain.

Order affirmed.