JAMES R. NELSON and JOSEPH ERNEST RICHARDS *v.* CANADIAN INDUSTRIAL ALCOHOL COMPANY, LTD.

(*September* 13, 1935.)

RICHARDS and REINHARDT, J. J., sitting.

*Hugh M. Morris* and *Ivan Culbertson* for plaintiffs.

*Caleb S. Layton* and *Robert H. Richards, Jr.* (of Richards, Layton and Finger) for defendant.

Superior Court for New Castle County. Foreign Attachment, No. 36, September Term, 1934.

REINHARDT, J., delivering the opinion of the Court:

The plaintiffs in the above stated cause applied for a

special jury, which heard the case and a verdict was rendered in favor of the plaintiffs on the 13th day of April, 1935. On May 2d, 1935, the plaintiffs moved that the expenses occasioned by the trial of the cause by such special jury be taxed as part of the costs of the case. The defendant opposes this motion and urges that it comes too late, the motion having been filed 19 days after the date of the verdict.

The Statute provides that costs of a special jury shall not be allowed to the party applying therefor "unless the Court shall, immediately after the trial of the cause, certify upon the record that the said cause was proper to be tried by a special jury." The question is, therefore, whether the Court can make this certificate upon the record 19 days after the date of the trial. More particularly, it turns upon the meaning of the word "immediately," as used in the Statute. The Statute in question is evidently taken from the English Statutes. 6 *George IV c.* 50 *s.* 34 and 24 *George II c.* 18.

In the case of *State v. St. Paul Trust Co. (Elmund v. St. Paul Trust Co.)*, 76 *Minn.* 423, 79 *N. W.* 543, 545, the Court said:

"This word 'immediately' is to be given a rational construction, and it does not, in legal proceedings or in statutes, necessarily import the exclusion of any interval of time."

Generally speaking, it means within a reasonable time.

In the case of *Christie v. Richardson,* 10 *Mees. & W.* 68, 152 *Eng. Reprint,* page 648, the Court in construing the English Statute said:

"We think that as the words in both cases are similar they ought to receive a similar construction, and the Courts having held that the words, that the Judge shall certify immediately, may be construed to mean within a reasonable time, we ought to decide it to be so by analogy in the present case."

The length of time elapsed after the trial before the certification was asked for does not appear in the decision.

· In the case of *Waggett v. Shaw*, 3 *Camp.* 316, an appli-cation under the Statute to tax the costs of a special jury was made one day after the trial. Lord Ellenborough said:

"The statute provides, 'that the judge before whom the cause is tried (if he sees fit) shall immediately after the trial certify in open court under his hand, upon the back of the record, that the same was a cause proper to be tried by a special jury.' I do not think I have authority to grant such a certificate the day after the trial, and I have always been in the habit of refusing applications so made."

Under the above authorities we are of the opinion that a delay of 19 days in filing the motion deprives the Court of the power, under the Statute, of taxing the costs of the special jury. The motion is denied.