SHANNON, Judge.
The plaintiff entered an interlocutory appeal from a stay order issued in this cause by the trial court on October 25, 1963, which ordered that certain money deposited in the registry of the court was to remain there pending the outcome of another case. The record shows that several years ago the plaintiff obtained a final judgment against the Polo Water Company, M. J. Zmistowski and D. L. Zmistowski, his wife. On September 30, 1960, a writ of execution was issued on this judgment and placed in the hands of the sheriff in Palm Beach County, Florida. On August 5, 1963, plaintiff’s writ was levied on certain real and personal property of the defendant, Polo Water Company. On October 18, 1963, after due advertising, the personal property was sold for $110.00 and the real property for $30,123.00. Prior to the sale the plaintiff paid the real property taxes and the costs involved, and gave the sheriff his receipt for the taxes. In the notice of sale given by the sheriff were the words, “Said property will be sold subject to all prior liens, if any.”
After this sale the attorney for the purchaser of the property stated to the sheriff that he also represented one M. B. Frank who was the assignee of a different judgment against the Polo Water Company, and that this judgment was a lien prior to the one on which execution was brought, and therefore this lien should be paid out of the proceeds before the subsequent lien. This attorney then advised the sheriff that if the sheriff would deposit this money in the registry of the court he would file an appropriate action to determine the priority of these liens. The plaintiff contended that the property was sold subject to all prior liens and that the proceeds were payable to the plaintiff.
The sheriff deposited the monies in the registry of the court and subsequently the plaintiff filed a motion for an order requiring the clerk to pay out of the registry of the court the proceeds of the sale. The sheriff filed a motion in this cause stating that a controversy existed herein concerning the priority of liens, the said controversy being evidenced in Chancery Case No. 63 C 2215-B, and asked that a stay be made of this cause until there was a full and complete adjudication of this matter. To this motion of the sheriff the plaintiff filed a motion to strike, and the court entered a stay order which provided that the proceeds of the sale should remain in the registry of the court subject to the outcome of the chancery case.
The appellant takes the position that the money coming into the sheriff’s hands, or in this case, into the registry of the court, should be paid to him irrespective of wheth *693 er or not he is a junior lien holder on the property sold. Although the court’s stay order mentions a pending chancery suit, the record in this cause is silent as to the various claims which have been made in said cause. For the purpose of this opinion we will assume that the chancery case may show that there is a lien prior to the lien of the plaintiff who brought the execution sale. Of course this assumption has no hearing on the chancery case as we do not know the facts of that case. The question presented is whether a senior lienor is entitled to be paid before a junior lienor out of the proceeds realized from a sale of real and personal property under a levy of execution brought by the junior lienor.
23 C.J., Executions, Sec. 350, 33 C.J.S. § 127, says with regard to real property:
“* * * [W] here the sale is had under a junior judgment and execution subject to prior existing judgment liens, the proceeds .belong entirely to the creditor in the junior writ under which the sale was had; the senior creditors cannot share therein, their remedy being to enforce their unimpaired liens by selling the property again under executions issued on the senior judgments.”
We are not without precedent on this question in the State of Florida. In Watson v. Jones, 1899, 41 Fla. 241, 25 So. 678, a judgment creditor, not a party to the foreclosure proceeding, demanded that a judgment be paid from the proceeds of the foreclosure sale. The Court, in denying his claim, stated:
“ * * * The judgment creditor was a prior encumbrancer, whose rights were paramount to that of the mortgage plaintiff. The purchaser at the foreclosure sale could only take what title the parties to the suit had, and the prior judgment creditor, not being a party to the foreclosure proceedings, could enforce his lien by selling the property under his execution, even in the hands of such purchaser. * * * The master’s sale could give nothing but a title subject to the Bear judgment, and the judgment creditor could, therefore, have no interest in, or right to, any of the proceeds of such sale.”
The Court then cited the Alabama case of Caldwell v. Houser, 1896, 108 Ala. 125, 19 So. 796. The facts in that case are on all fours with the facts in the present case, and it was held that a senior judgment lien- or is not entitled to have the proceeds of an execution sale, brought by the junior lienor subject to the senior lien, applied to satisfy the senior judgment lien. In both of these cases the property was realty.
As to the personal property which was sold under execution in this case, in one of Florida’s earliest cases, Love v. Williams, 1851, 4 Fla. 126, two separate executions were given to the sheriff. The sheriff executed the one which he received last, and the plaintiff who had delivered his writ of execution to the sheriff first, demanded the money from the sale of the personal property. The Court held that the proceeds of the sale would go to the plaintiff in the writ under which the sale was made, and further held that the plaintiff who delivered his writ first to the sheriff had his remedy, if any, against the sheriff.
33 C.J.S. Executions § 248, states that generally the sale of personal property under an execution discharges prior liens and therefore the prior liens must first be satisfied from the proceeds of the individual sale. However, it cites Florida as being in a minority of jurisdictions which hold to the contrary, as evidenced by the Love case, supra. Nevertheless, the law remains the same in Florida.
We reverse the trial court insofar as the stay order is concerned, and direct that the court strike the motion of the sheriff and grant the motion of the plaintiff for the payment of the money in satisfaction of his *694 execution. This decision is only upon the record of this cause and does not take into consideration any phases of Chancery Case No. 63 C 2215-B.
SMITH, C. J., and WHITE, J., concur.