ANDREWS, Judge.
This is an appeal from a summary final decree entered on a complaint for a declaratory decree ordering certain funds held in the Registry of the Court, which had been realized from a levy and sheriff’s sale, to be distributed according to senior lien priority rather than to the levying judgment creditor.
The defendant is assignee and trustee of the “Bellhouse Judgment,” and the plaintiff is assignee of the “Neff Judgment.”
Judgments against the Polo Water Company, whose property was sold, were recorded in the following order: Schmieg Industries, Inc., Neff Machinery Company, B.I.F. Industries, Ralph B. Carter and Bellhouse, Inc. Defendant, as assignee of the Bellhouse Judgment, levied on property owned by the judgment debtor, Polo Water Company. The sheriff advertised and conducted the sale subject to all prior liens, *860 which brought a high bid of $30,123.00 for the real property, and $110.00 for certain personal property. The deputy sheriff who conducted the sale read the notice of the sale, which had been published and which clearly identified the Bellhouse Judgment by docket number and date. The notice specifically provided that the sale to be conducted at the time and place therein specified would be of the property of the debtor as described and be subject to all prior liens, if any. Prior to the sale the defendant paid the sheriff for costs and also paid the delinquent taxes on the property.
After the sale defendant demanded payment from the sheriff, but the plaintiff also demanded that the money be paid to persons who had liens prior in time to that under which the defendant levied. At the request of the plaintiff the sheriff deposited the money in the Registry of the Court upon assurance that an action would be filed for determination of priority of liens and the manner of disbursement of the funds.
After several hearings the court ordered the proceeds be distributed as follows: To the Clerk’s costs, the Sheriff’s costs, to the satisfaction of the Schmieg Judgment, to the satisfaction of the Neff Judgment, and applied on account of the Bellhouse Judgment.
The defendant argues that by virtue of his levy and sale he alone is entitled to the proceeds, F.S.A. § 55.50, and that the other judgment creditors still have their remedy in a like levy and sale under their writs of execution which are still valid. The plaintiff argues that there is a presumption that the sale was made for the benefit of judgment creditors in the order in which their writs of execution were delivered to the sheriff.
This matter was before this court in an appeal of a stay order in the case of Nason v. Polo Water Company, Fla.App.1964, 166 So.2d 691. The court, in its opinion in said case, reversing the order granting the stay order, set forth very clearly the Florida law regarding execution sales of real and personal property and who is entitled to-the proceeds obtained therefrom.
Accordingly, for the reasons stated in Nason v. Polo Water Company, supra, the judgment is reversed with directions to enter judgment directing that the proceeds of the sale be applied to the clerk’s costs, sheriff’s costs, reimbursement for the payment of delinquent real and personal property taxes, and the balance to be applied to the satisfaction of the Bellhouse Judgment.
Reversed, with directions.
WHITE, Acting C. J., and McCORD, GUYTE, P. Jr., Associate Judge, concur.