### ZIMMER v. KELLENBERGER, Sheriff.
No. 65-L-1404.

Circuit Court, Palm Beach County.

August 11, 1966.

Ronald Sales, West Palm Beach, for plaintiff.

Raymond J. Moudry, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* This cause was tried before the court without a jury. Plaintiff alleges that due to the act of the defendant in wrongfully levying execution and selling under a junior writ of execution, the plaintiff, who was the senior and prior incumbrancer, was damaged to the extent of $1,600, the amount of the proceeds of the sale paid by the defendant sheriff to the junior incumbrancer.

A judgment was obtained January 15, 1964, by Anthony Edward Zimmer against Alan E. Zimmer, pursuant to which a writ of execution was delivered to the sheriff on July 30, 1964, for levy upon the property of the said Alan E. Zimmer. There were no instructions as to any specific property available for the levy.

A judgment was obtained August 4, 1964, by Shirley Zimmer against Alan E. Zimmer, pursuant to which a writ of execution was delivered the same date to the sheriff for levy. Instructions as to property available for levy (certain stock certificates) were furnished to the sheriff and said certificates were brought to the sheriff's office by Shirley Zimmer's attorney. The said stock certificates were advertised and on November 9, 1964, sold under the junior writ. The holder of the senior writ did not receive any proceeds from the sale.

The defendant sheriff contends that the stock certificates levied upon and sold were not the property of Alan E. Zimmer, but belonged to Shirley Zimmer. The certificates had previously been endorsed in blank by Alan E. Zimmer for use as collateral for a loan he had obtained.

It is the finding of the court that Alan E. Zimmer was the owner of the property, and further, that the duty imposed upon the sheriff did not terminate under the senior writ merely because no property appeared to be available for levy when the writ was received. The sheriff through his deputies breached the duty owed to the senior incumbrancer and thus must be held liable for damages caused the plaintiff by the wrongful execution and sale. Love v. Williams, 4 Fla. 126; Nason v. Polo Water Co., 166 So.2d 691.

It is therefore, upon consideration, ordered and adjudged that the plaintiff do have and recover of and from the defendant the sum of $1,600, together with interest thereon at the rate of 6

percent per annum from and after November 9, 1964, and plaintiff's costs herein taxed at $22, for all of which let execution issue 10 days from date hereof.