CENTRAL NATIONAL BANK *v* WONDER-
LAND REALTY CORPORATION

1. SECURED TRANSACTIONS—UNPERFECTED SECURITY INTEREST—PRIORITY—LIEN CREDITOR—KNOWLEDGE OF INTEREST.

Plaintiff bank, which had taken, by the assignment of a retail installment contract, a security interest in a road grader, but had not perfected the security interest, had priority over defendant who later levied against the grader where the defendant, in its answer, admitted knowledge of plaintiff's claim at the time it was levied, because defendant's right to priority as a lien creditor was dependent on its lack of knowledge of the security interest of the plaintiff (MCLA 440.9301[b]).

2. SECURED TRANSACTIONS—TRACTORS—PLACE OF FILING—EQUIPMENT.

Tractors are equipment for purposes of determining the place of filing a notice of a security interest (MCLA 440.9109[2]).

3. SECURED TRANSACTIONS—TRACTORS—PLACE OF FILING.

A security interest in a tractor is perfected by filing in the debtor's chief place of business; a security interest in a tractor

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur 2d, Commercial Code § 61.
[2] 15 Am Jur 2d, Commercial Code § 75.
[3] 15 Am Jur 2d, Commercial Code § 75.
[4] 15 Am Jur 2d, Commercial Code § 62.

need be filed only in that one place for perfection, because of the mobility of tractors and the likelihood that they might be used in more than one jurisdiction (MCLA 440.9103[2]).

4. SECURED TRANSACTIONS—UNPERFECTED SECURITY INTEREST—PRIORITY—LIEN—CREDITOR.

Plaintiff's interest in two tractors, under a conditional sales contract, did not take priority over defendant's interest under its levy of execution where the conditional sales contract covering the tractors was never filed anywhere.

Appeal from Ingham, Ray C. Hotchkiss, J.   Submitted Division 2 December 14, 1971, at Lansing. (Docket No. 11552.)   Decided January 21, 1972.

Complaint by Central National Bank against Wonderland Realty Corporation to prevent the sale of tractors and a road grader and to secure a determination of the priorities of the parties' interests in the equipment.   Judgment for defendant.   Plaintiff appeals.   Reversed in part and affirmed in part.

*Foster, Lindemer, Swift & Collins* (by *David C. Coey* and *Philip T. Carter*), for plaintiff.

*MacLean, Seaman, Laing & Guilford,* for defendant.

Before: QUINN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

QUINN, P. J.   This action was submitted to the trial court for a decision on stipulated facts, stipulated issues, and briefs.   Defendant had judgment and plaintiff appeals.

The stipulated facts are:

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"1. On December 3, 1963 Floren Klopfenstein, as purchaser, and A. H. Heine Implement Company, as dealer, executed a conditional sales contract covering three (3) John Deere farm tractors and a plow. Copy of this contract is attached hereto and made a part hereof as Exhibit 1. The contract was executed in Fort Wayne, Indiana, where the goods were located. The goods were delivered to Mr. Klopfenstein's farm at or near Paulding, Ohio by the dealer. Said conditional sales contract was assigned to plaintiff, Central National Bank on or about the date of execution. Neither the A. H. Heine Implement Company nor plaintiff, Central National Bank, knew or consented to the later removal of said equipment from Ohio to Michigan. The conditional sales contract was never the subject of recording or filing in any state.

"2. On or about December 10, 1964 a security agreement (retail installment contract) was entered into between the same Floren Klopfenstein as debtor-buyer and A. H. Heine Implement Company as secured party-seller. This contract covered seven items of earth moving equipment including a Galion road grader. A copy of said security agreement (retail installment contract) is attached hereto and made a part hereof as Exhibit 2. Said contract was assigned to plaintiff, Central National Bank, on the same day and plaintiff caused financing statements to be filed with the Hillsdale County, Michigan Register of Deeds on January 7, 1965, the Paulding County, Ohio Register of Deeds on December 14, 1964 and with the Steuben County, Indiana Recorder on December 14, 1964. Copies of these financing statements are attached hereto and made a part hereof as Exhibits 3, 4 and 5 respectively. The earth moving equipment, including the Galion road grader were delivered by A. H. Heine Implement Company to Floren Klopfenstein at Lake Diane, Woodbridge Road, Hillsdale County, Michigan.

"3. On September 12, 1967 defendant, Wonderland Realty Corporation, as a judgment creditor of Floren Klopfenstein, (Ingham County Circuit Civil Action No. 6400–C), executed and levied against two of the John Deere farm tractors sold under the conditional sales contract described above, and on the Galion road grader sold under the security agreement (retail installment contract) described above, which were then in the possession of Klopfenstein in Hillsdale County, Michigan.

"4. Plaintiff, Central National Bank, brought this action to prevent sale of the tractors and road grader and to secure determination of the respective priorities of the parties' interest in the equipment. By agreement of the parties, the tractors were sold for Five thousand seven hundred ($5,700) dollars and the proceeds thereof substituted for said tractors in this action; and the road grader was sold for One thousand five hundred ($1,500) dollars and the proceeds thereof substituted therefor in this action. The agreement of the parties with respect to sale and substitution and the terms of judgment to be rendered herein is attached hereto and made a part hereof as Exhibit 6."

(Exhibits 1 through 6 referred to in the stipulated facts are not included in this opinion because their terms do not affect the result.)

The stipulated issues are:

"1. Does plaintiff's interest in the two tractors, under its conditional sale contract, take priority over defendant Wonderland's interest under its levy of execution?

"2. Does plaintiff's interest in the road grader, under its security agreement (retail installment contract) take priority over defendant Wonderland's interest under its levy of execution?"

The trial court found that plaintiff had not perfected its security interest either in the conditional

sale contract or the retail installment contract under Michigan law and held for defendant.

With respect to the Galion road grader we reverse. Defendant's right to priority as a lien creditor was dependent on its lack of knowledge of the security interest of plaintiff, MCLA 440.9301(b); MSA 19.9301(b). In paragraph 6 of its answer, defendant admits knowledge of plaintiff's claim to the road grader at the time defendant levied.

With respect to the two farm tractors, we affirm but not for the reason given by the trial court.

There is nothing in this record to indicate that debtor Klopfenstein's chief place of business was anywhere other than Paulding, Ohio. MCLA 440.9103(2); MSA 19.9103(2) provides:

"If the chief place of business of a debtor is in this state, this article governs the validity and perfection of a security interest and the possibility and effect of proper filing with regard to general intangibles or with regard to goods of a type which are normally used in more than one jurisdiction (such as automotive equipment, rolling stock, airplanes, road building equipment, commercial harvesting equipment, construction machinery and the like) if such goods are classified as equipment or classified as inventory by reason of their being leased by the debtor to others. Otherwise, the law (including the conflict of laws rules) of the jurisdiction where such chief place of business is located shall govern. If the chief place of business is located in a jurisdiction which does not provide for perfection of the security interest by filing or recording in that jurisdiction, then the security interest may be perfected by filing in this state."

We find the foregoing section of the statute controlling on this record, not only from its applicable language but also because the practicalities of the

situation convince us that the Legislature so intended. Tractors come within the statutory definition of equipment, MCLA 440.9109(2); MSA 19-.9109(2). Tractors are equipment normally used in more than one jurisdiction. The mobility of such equipment requires that perfection of the security interest at one location will protect the secured party regardless of the debtor's future actions. The statute sensibly places that location at the debtor's chief place of business. In this instance that is Paulding, Ohio.

By the stipulated facts, the conditional sales contract covering the tractors was never filed anywhere. Ohio Revised Code, § 1309.21, requires filing.

Reversed in part and affirmed in part. Neither party having prevailed, no costs are awarded.

All concurred.