POWELL v WHIRLPOOL EMPLOYEES FEDERAL CREDIT UNION

1. Secured Transactions—Liens—Perfection—Notice.

A creditor's perfection of its security interest lien on its debtor's truck in Michigan, the debtor's chief place of business and the state where the loan and lien were negotiated, protected the lien from subsequent financial transactions involving the truck and the interests of out-of-state third parties (MCLA 440.9103[2]).

2. Secured Transactions—Liens—Perfection—Execution Sale—Estoppel.

The holder of a perfected security interest lien is not estopped from asserting his lien because of failure to intervene in an execution sale of the collateral, even though the holder has notice of the sale, since no law requires the lienor to intervene.

3. Execution—Sale—Title.

An execution sale passes only whatever title the judgment debtor had in the property.

4. Secured Transactions—Liens—Perfection—Notice.

Plaintiff, who purchased a truck at a Florida execution sale, was not a bona fide purchaser for value without notice of defendant's perfected security interest lien where the truck bore Michigan license plates and had been identified in sale advertisements by its Michigan license plate number; a check with the Michigan Secretary of State's office would have disclosed the true state of the title and the defendant's security interest.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 15 Am Jur 2d, Commercial Code §§ 63, 75, 82–85.

Construction and effect of UCC Art 9, dealing with secured transactions, sales of accounts, contract rights, and chattel paper, 30 ALR3d 9.

Automobiles: Priorities as between vendor's lien and subsequent title or security interest obtained in another state to which vehicle was removed, 42 ALR3d 1168.

[3] 30 Am Jur 2d, Executions § 430.

Doctrine of caveat emptor as applied to purchaser at judicial or executor's sale, 68 ALR 659.

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 May 10, 1972, at Grand Rapids. (Docket No. 13319.) Decided July 26, 1972.

Complaint by Thomas A. Powell against Whirlpool Employees Federal Credit Union for claim and delivery of a tractor-truck upon which defendant had perfected a security interest lien. Judgment for defendant. Plaintiff appeals. Affirmed.

*Gore, Williams & Schillinger,* for plaintiff.

*Elden W. Butzbaugh, Jr.,* for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and O'HARA,* JJ.

HOLBROOK, J. Defendant received a valid lien[1] on a truck from the owner, Thomas Billington. The lien was perfected as a security interest through proper filing within two days after the transaction was completed. The plaintiff does not contest that the lien was properly perfected. The truck, bearing Michigan license plates, was purchased by plaintiff Powell in Florida. Prior to the Florida execution sale, an attorney in Florida for the defendant wrote to the Florida court stating:

"This is to advise that the undersigned has been retained by Whirlpool Employees Federal Credit Union as of May 5, 1970, which company claims ownership or prior lien on the motor vehicle which has been attached in the above-designated litigation.

"I intend to file court pleadings forthwith, but cannot file them as quickly as I can write this letter to you.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Whirlpool Employees Federal Credit Union loaned purchase money to Thomas Billington under a security agreement whereby Thomas Billington purchased the subject tractor-truck.

"I shall appreciate your withholding hearing on damages in the above case until such time as my pleadings are filed, which I anticipate will be within a week."

This promised action was not taken.

The truck was returned to Michigan approximately ten days after the Florida sale and was seized by the defendant. Plaintiff then brought an action for claim and delivery claiming that he is a bona fide purchaser for value without notice. Judgment for defendant, plaintiff appeals.

MCLA 440.9103(2); MSA 19.9103(2) provides:

"If the chief place of business of a debtor is in this state, this article governs the validity and perfection of a security interest."

In *Central National Bank v Wonderland Realty Corp,* 38 Mich App 76, 80–81 (1972), this Court held:

"We find the foregoing section of the statute controlling * * * not only from its applicable language but also because the practicalities of the situation convince us that the Legislature so intended. Tractors come within the statutory definition of equipment, MCLA 440.9109(2); MSA 19.9109(2). Tractors are equipment normally used in more than one jurisdiction. The mobility of such equipment requires that perfection of the security interest at one location will protect the secured party regardless of the debtor's future actions. The statute sensibly places that location at the debtor's chief place of business."

Also see *Mechanics National Bank v Parker,* 109 NH 87; 242 A2d 69 (1968); and *National Trailer Convoy Co, Inc v Mount Vernon National Bank & Trust Co,* 420 P2d 889 (Okla, 1966).

The record established that Thomas Billington's chief place of business was in Michigan. Michigan

is where the loan and lien was negotiated and where the security interest lien was perfected. Under the statute as interpreted in the *Central National Bank* case, this was sufficient to protect the lien from any and all subsequent financial transactions involving the truck and the interests of out-of-state third parties including this plaintiff.

Plaintiff claims he was an innocent purchaser for value because he did not have actual notice of defendant's perfected security lien, and that defendant's failure to intervene in the Florida court proceedings estopped it from asserting its lien at this time. Although it is true that defendant knew of the Florida court proceedings, plaintiff fails to cite any law requiring the defendant to intervene in that action, even though defendant's attorney promised to do so. Plaintiff does not claim that he relied on the letter of defendant's attorney to the Florida court, and there is no showing that plaintiff was even aware of the letter. We conclude that plaintiff's claims were properly ruled upon by the trial court in its written opinion when it stated:

"An execution sale passes only whatever title the judgment debtor had in property. This is fundamental law, and the fact that property is being sold under execution, in and of itself, certainly does not decrease the duty of a person who is purchasing to make reasonable inquiry and investigation as to the actual ownership of property being so sold—in fact, if anything, it would appear to me to be a 'red flag' urging even greater caution since obviously 'distressed property' is involved. Therefore, I fail to find any merit in the plaintiff Powell's claim that he is not bound by the constructive notice given by the Michigan filings. The truck not only bore Michigan license plates, but was identified in the sale advertisements by its Michigan license plate number. A simple check by phone, letter, or telegraph with our Secretary of State's Office would

have disclosed the true state of the title and the Credit Union's interest.

"I fail to find that the Credit Union's Florida attorneys' vacillations in any way change the situation."

Affirmed. Costs to defendant.
All concurred.